1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Union Fire Ins. Co. of Pittsburgh, PA., | No. MC-09-00087-PHX-GMS |
| Plaintiff/Judgment Creditor, | **ORDER** |
| vs. | |
| Excel Staffing Services, Inc., | |
| Defendant/Judgment Debtor. | |
| First Rate Staffing, Inc.; Clifford Blake; Green Planet Group, Inc.; and Lumea Staffing, Inc., | |
| Garnishees. | |

Pending before this Court is Plaintiff's Motion (Request) that Hearing be Consolidated with the February 23, 2011 Hearing and Discovery by National Union Fire Insurance Company of Pittsburgh, PA., Doc. 44. For the reasons stated below that motion is granted in part and denied in part. The hearings concerning National Union's objections to the answers of Clifford Blake, First Rate Staffing Inc., Lumea Staffing, Inc., and Green Planet Inc. are consolidated to the extent that they focus on the similar issues of: (1) any nonexempt monies or personal property belonging to or owed to the judgment debtor that are in the possession of the garnishee; (2) any stock or other financial interest owned by the judgment debtor in the garnishee; or (3) any potentially fraudulent transfers to the garnishee from the judgment debtor. To the extent that Plaintiff's motion requests that other issues

raised by its objections to the answers of Lumea Staffing and Green Planet be consolidated with similar issues raised by National Union in its objections to the answers of garnishees Clifford Blake or First Rate Staffing, the motion is denied. The motion is also denied to the extent it seeks a continuation of the scheduled hearing.

## BACKGROUND

Plaintiff has a judgment against Excel Staffing Services, Inc. in the amount of $2,914.871.00. Plaintiff served writs of garnishment on several garnishees including Clifford Blake, First Rate, Lumea Staffing and Green Planet seeking to execute on any assets belonging to Excel. Clifford Blake filed a timely answer in which he denied any indebtedness to, or possession of, personal property that belonged to debtor. Corporate defendant First Rate Staffing Inc. also purported to file a timely answer, similarly denying any indebtedness to, or possession of personal property belonging to Excel, and also denying that Excel owned any interest in First Rate. Although First Rate's answer was timely filed, it was not filed through counsel.[1]

Plaintiff filed objections to both answers asserting that both the garnishees are: (1) the alter egos of the judgment debtor; (2) successors in liability to the judgment debtor; or (3)

---

[1] Only licensed attorneys may represent a corporation in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel.") (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'") (alteration and citation omitted); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation's president and sole shareholder could not make an "end run around" the counsel requirement by intervening pro se rather than retaining counsel to represent the corporation) (citing 28 U.S.C. 1654). Filing an answer in federal court qualifies as an "appearance." *See e.g. French v. Hay*, 89 U.S. 238 (1874) (holding that defendant who swore to answer signed and filed by his counsel entered an appearance and thus placed himself within court's jurisdiction).

1  fraudulent transferees of the judgment debtor.    The Court set a hearing on the objection on
2  September 14, 2010 at 11:00 a.m.
3    Garnishees, Lumea Staffing Inc. and Green Planet Inc., did not file timely answers to
4  the writs.  As a result, the Court also set hearings on September 14 on orders for Lumea
5  Staffing and Green Planet to appear and answer.  A few days prior to these hearings, Lumea
6  Staffing and Green Planet filed answers to the writ of garnishment denying any indebtedness
7  to Excel, denying that they held any personal property belonging to Excel, and also denying
8  that Excel owned any interest in either of them.  Plaintiff had filed no objections to those
9  answers prior to the consolidated hearing, but subsequently filed objections, again asserting
10 that Lumea Staffing and Green Planet were liable for National Union's judgment against
11 Excel based on the theories of alter ego, successor liability, or fraudulent transfer.
12   At the consolidated hearing, Garnishee Clifford Blake had no objection to postponing
13 the hearing on National Union's objections pending discovery on the objections raised by
14 National Union.  Although First Rate had an officer appear at the hearing it still had not
15 obtained counsel.  It thus offered no objection to postponing the hearing on the objections
16 pending discovery on the objections raised by National Union.  The Court thus scheduled a
17 hearing on National Union's objections as to Blake and First Rate on February 23rd and 24th.
18 National Union also made clear that once it had filed similar objections to the answers of
19 Lumea Staffing and Green Planet it would move to consolidate the hearings on those
20 objections with those scheduled for Blake and First Rate on the 23rd and the 24th of
21 February.  Lumea Staffing and Green Planet appeared, and preserved their right to object to
22 such a procedure or consolidation once National Union filed its objections.  National Union
23 subsequently filed its objections and moved to consolidate the hearing.  Lumea Staffing and
24 Green Planet responded opposing any such consolidation and further opposing any discovery
25 on National Union's claims other than that contemplated by Rule 45 of the Federal Rules of
26 Civil Procedure.
27 / / /
28

## ANALYSIS

Garnishment proceedings are used to identify and execute upon "nonexempt monies" owed by the garnishee to the judgment debtor, nonexempt personal property of the judgment debtor in the possession of the garnishee, and, when the garnishee is a corporation, any stock owned in the corporation by the judgment debtor. A.R.S. § 12-1581 (2010).

Plaintiff cites *Sackin v. Kerting,* 105 Ariz. 566, 566, 408 P.2d 925, 925 (1970) for the proposition that a judgment creditor may, in a garnishment proceeding, execute judgment on assets other than those belonging to the judgment debtor. In *Sackin*, however, the Arizona Supreme Court merely decided that a trustee, who had received transfer of naked legal title from the trustor without paying any consideration for it, was not denied due process when a judgment against the trustor, who was also the trust beneficiary, was executed on the legal title in the possession of the trustee. There was no issue in *Sackin* as to whether the trustee or anyone other than the judgment debtor had any personal interest or stake in the trust *res*. They admittedly did not. Thus, it does not appear that *Sackin* does anything other than authorize execution through a garnishment proceeding against assets that were fraudulently transferred from the judgment debtor to a trustee to be held in trust for the judgment debtor. To the extent that such a transfer was fraudulent, A.R.S. § 44-1007(A)(1) (2010) explicitly authorizes the garnishment of such assets from a fraudulent transferee subject to certain other statutory protections for the fraudulent transferee.

Lumea Staffing Inc. and Green Planet Group, Inc. thus are subject to reasonable discovery concerning any interest they held or may have held in Excel, any debt they owed to Excel, or any assets they may have obtained from it in a fraudulent transfer. To the extent that discovery demonstrates that either of these corporations were fraudulent transferees of the judgment debtor, even when receiving Excel's assets from interim transferees, the assets fraudulently transferred may be subject to garnishment, and the information sought by National Union is reasonable. As a judgment creditor on the Excel debt, National Union is authorized by Rule 69(a)(2) of the Federal Rules of Civil Procedure to use any discovery procedure authorized by the Federal Rules to "obtain discovery from any person" so long as

that discovery is reasonably crafted to seek information that may lead to admissible evidence. 12 Wright, Miller & Marcus, Federal Practice and Procedure § 3014 (2d ed.1997) ("[The judgment creditor] may use the discovery devices provided in Civil Rules 26 to 37 or may obtain discovery in the manner provided by the practice of the state in which the district is held.")

Nevertheless, a garnishment proceeding is not the appropriate forum in which to determine whether separate parties are independently liable for National Union's judgment against Excel. National Union apparently has no previous judgment against either Lumea Staffing or Green Planet based on theories of alter ego or successor liability. Further, in its motion, National Union acknowledges that while Blake was the sole owner, officer and director of Excel, there are at least two other owners and directors of Lumea Staffing. And, according to National Union's motion, Blake owns at best approximately eight percent of the shares of Green Planet. While Arizona statutory authority allows a garnishment procedure to be used to execute judgment on assets belonging to the judgment creditor, owed to the judgment creditor, or fraudulently transferred from the judgment creditor, they do not go farther than this.

"Garnishment is a creature of the statute, and is regulated by the terms of the statute." *Davis v. Chilson,* 48 Ariz. 366, 369, 62 P.2d 127, 129 (1936). Thus, to the extent that National Union can establish a fraudulent transfer of Excel's assets to either Lumea Staffing or Green Planet, National Union may execute on those assets subject to statutory protections pursuant to the authority of A.R.S. § 44-1007(A)(1) (2003). To that extent, and to the extent that the garnishees may be in part owned by Excel, or have assets or monies belonging to Excel, the content of National Union's objections is appropriate and the hearings on those topics as to all four garnishees are consolidated. *See, e.g.,* A.R.S. §§ 12-1570 *et. seq.* A garnishment proceeding is not an appropriate action in which National Union may seek to establish the prerequisites necessary to obtain independent judgments or execute their current judgment against the assets of either Lumea Staffing or Green Planet based on any theory of alter ego or successor liability. Thus, the Court will not "consolidate" such issues in the

- 5 -

present hearing as they go beyond the appropriate scope of a garnishment proceeding.

**IT IS THEREFORE ORDERED:**

1. Granting in part and denying in part Plaintiff's Motion to Consolidate, Doc. 44.

2. The Motion is granted to the extent that the hearing will raise the similar issues of: (1) any nonexempt monies or personal property belonging to the judgment debtor that is in the possession of the garnishee; (2) any stock or other financial interest owned by the judgment debtor in the garnishee; or (3) any potentially fraudulent transfers to the garnishee from the judgment debtor.

3. The Motion is denied to the extent that it requests that other issues raised by its objections to the answers of Lumea Staffing and Green Planet be consolidated with similar issues raised by National Union in its objections to the answers of garnishees Clifford Blake and First Rate.

4. The Motion is also denied to the extent it seeks a continuation of the scheduled hearing. That hearing is set to begin February 23, 2011 at 9:00 a.m.

DATED this 5th day of January, 2011.

G. Murray Snow
United States District Judge